IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY DICAPRIO, individually and on behalf of all others similarly situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : No. 05-2025 |
| | : |
| MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., WAL-MART STORES, INC., a Delaware Corporation d/b/a WAL-MART SUPER CENTER STORE NO. 2287, | : |
| | : |
| Defendants. | : |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., (hereinafter referred to as "MENU FOODS" or "Defendant", pursuant to 28 U.S.C. §§1441 and 1446, files this Notice of Removal ("Notice") of this action from the Court of Common Pleas of Lawrence County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. The grounds for removal are as follows:

### I.  INTRODUCTION

1. MARY DICAPRIO, (hereinafter referred to as "Plaintiff") individually and on behalf of all others similarly situated, filed this products liability action against

Defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., in the Court of Common Pleas of Lawrence County, Pennsylvania, on April 9, 2007 at Civil Action No. 10534 of 2007. Plaintiff alleges therein that her pet (cat) suffered from renal failure after consuming pet food manufactured and distributed by the Defendants. Plaintiff further claims she sustained compensatory damages as a result of her cat's illness. A true and correct copy of the Complaint is hereto attached and incorporated by reference as Exhibit "A".

  2. MENU FOODS was served with a copy of the Summons and the Complaint on May 10, 11 and 14, 2007 (each entity receiving service on different dates). This Notice of Removal is timely filed pursuant to 28 U.S.C. §1441.

  3. As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. § 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different States. Therefore, pursuant to 28 U.S.C. § 1441(a), the Defendant may remove this action to this Court.

**II. THIS COURT HAS SUBJECT MATTER JURISDICTION**

**A. The Amount in Controversy Requirement Exceeds $5,000,000.**

  4. It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $5,000,000, exclusive of costs and interest. Plaintiff filed this class action on behalf of herself and similarly situated individuals whose pets became ill and/or died after consuming various brands of allegedly tainted wet "cuts and

gravy" style pet food in can or pouch manufactured by Defendant and distributed and sold throughout the Commonwealth of Pennsylvania between December 3, 2006 and March 6, 2007 and on behalf of a Subclass of all persons or entities who purchased the pet products at issue distributed, marketed and/or sold by Wal-Mart. Plaintiff alleges that she has sustained damages as a result of her cat's illness. In addition, Plaintiff alleges that other class members' pets have been allegedly injured in the same manner, i.e., died, suffered kidney failure, or other injury from eating the allegedly contaminated pet food in question. Plaintiff acknowledges that the members of the class are numerous and there are thousands of members of the class that are geographically dispersed throughout the entire Commonwealth of Pennsylvania. Plaintiff's prayer for relief seeks compensatory damages, preliminary and injunctive relief to restrain Defendant from allegedly misrepresenting the price, nature, characteristics or quality of the products; a corrective advertising campaign; special damages; and attorneys fees, on behalf of herself and all the members of the class. Further, nowhere in the Complaint does the Plaintiff limit the amount in controversy to less than $5,000,0000. See Exhibit "A."

5.    "Where the class action complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208 (C.D. California, 2006). Under this standard, "the defendant must provide evidence that is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Davis, 453 F.Supp.2d at 1208, citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 67 676, 683 (9th Cir.2006).

3

6. Based on the fact that MENU FOODS has issued what is purported to be one of the largest recalls (approximately 60,000,000 units) of products in the pet food industry's history, and the types of damages claimed in the Complaint, it is apparent that the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

7. Moreover, there are numerous pending class actions against MENU FOODS in various federal judicial districts (including the Northern District of Illinois, Eastern Division) in which the named plaintiffs allege that jurisdiction exists under 28 U.S.C. § 1332(d)(2). There is no reason to believe that the damages or amount in controversy, exclusive of costs and interests, claimed by the Plaintiff in this civil action will be less than those alleged in the pending federal cases.

8. MENU FOODS has therefore met its burden of showing a reasonable probability that the amount in controversy satisfies the federal jurisdictional amount.

**B.    Complete Diversity of Citizenship Exists.**

9. There is complete diversity of citizenship between the Plaintiff and MENU FOODS in this action. Diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. According to the Complaint, the named Plaintiff is a citizen of the Commonwealth of Pennsylvania.

11. Defendant MENU FOODS, INC. is a New Jersey corporation with its principal executive offices located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business." 28 U.S.C. §1332(c)(1) (West 2000). Thus, MENU FOODS is deemed to be a citizen of the State of New Jersey, and not the Commonwealth of Pennsylvania.

12. Defendant, MENU FOODS INCOME FUND, is an incorporated open-ended trust established under the laws of Province of Ontario, Canada with a principal place of business at 8 Falconer Drive Streetsville, ON Canada L5N 1B1. This Defendant is not deemed to be a citizen of the Commonwealth of Pennsylvania.

13. Defendant, MENU FOODS MIDWEST CORPORATION, is a Delaware corporation located at P.O. Box 1046, 1400 East Logan Avenue, Emporia, KS 66801. This Defendant is not deemed to be a citizen of the Commonwealth of Pennsylvania.

14. Defendant, MENU FOODS SOUTH DAKOTA, INC., is a Delaware corporation with a registered agent at C T Corporation System, 319 S. Coteau, Pierre, SD 57501. This Defendant is not a citizen of the Commonwealth of Pennsylvania.

15. Defendant, MENU FOODS HOLDINGS, INC., is a Delaware corporation with a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. This Defendant is not a citizen of the Commonwealth of Pennsylvania.

16. Defendant, WAL-MART STORES, INC., a Delaware corporation d/b/a WAL-MART SUPER CENTER STORE NO. 2287 is a Delaware corporation, with a principle place of business in Arkansas. There has been no entry of appearance on behalf of this Defendant to date. Accordingly, it is not necessary that any parties join in this Notice of Removal of Action.

17. This case should be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1332 and 1441, because (1) the Plaintiff is a citizen of the Commonwealth of Pennsylvania; (2) Defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., are not citizens of the Commonwealth of Pennsylvania and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

**III.     PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

18. This Notice of Removal is timely according to 28 U.S.C. § 1446(b). Defendant is cognizant that this Court strictly adheres to the rule stated in 28 U.S.C. §1446(b), which requires that the Defendant file a Notice of Removal within thirty days after the Defendant receives a copy of the Complaint.

19. The Defendant, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs, and complete diversity of citizenship exists.

20. The United States District Court for the Western District of Pennsylvania embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Western District of Pennsylvania pursuant to 28 U.S.C. § 93(a)(1).

21. Pursuant to 28 U.S.C. §1446(d), the Defendant is filing written notice of this removal to all adverse parties and will file a copy of the notice with the clerk of the State court in which this action is currently pending.

WHEREFORE, the Defendants, MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH

DAKOTA, INC., MENU FOODS HOLDINGS, INC., respectfully moves this action from the Court of Common Pleas of Lawrence County, Pennsylvania to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1332, 1441 and 1446.

DAVIS McFARLAND & CARROOLL, P.C.

By: /s/ Lynn E. Bell, Esquire
Davies McFarland & Carroll, P.C.
One Gateway Center; 10th Floor
Pittsburgh, PA  15222
(412) 281-0737
lbell@dmcpc.com
PA I.D. #38588
Attorney for MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC.
Five of the Defendants

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served the foregoing document to all counsel of record in the following manner on the 30th day of May, 2007:

|  |  |
|---|---|
| Via Facsimile |  |
| Via Hand Delivery |  |
| Via First Class U.S. Mail | X |
| Via Overnight Mail |  |
| ECF Filing | X |

| | |
|---|---|
| Joseph S. Bellissimo, Esquire<br>Bellissimo & Pierce<br>P.O. Box 444<br>324 Sims Avenue<br>Ellwood City, PA 16117 | Attorney for Plaintiff |
| Robert N. Peirce, III, Esquire<br>Robert Peirce & Associates, P.C.<br>2500 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 | Attorney for Plaintiff |
|  | Attorney for Wal-Mart Stores, Inc. d/b/a<br>Wal-Mart Super Center Store No. 2287 |

By: /s/ Lynn E. Bell, Esquire
Davies McFarland & Carroll, P.C.
One Gateway Center; 10th Floor
Pittsburgh, PA 15222
(412) 281-0737
lbell@dmcpc.com
PA I.D. #38588
Attorney for MENU FOODS INCOME FUND, MENU FOODS, INC., MENU FOODS MIDWEST CORPORATION, MENU FOODS SOUTH DAKOTA, INC., MENU FOODS HOLDINGS, INC., Five of the Defendants